# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BARTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:09CV488 AGF |
| STATE OF FLORIDA, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon review of the financial information provided with the complaint, the Court has determined that plaintiff cannot afford to pay the filing fee. As a result, the Court will grant the motion. Additionally, the Court has reviewed the complaint and has determined that venue does not lie in this District.

The complaint is almost completely incoherent. Named as defendants are the State of Florida, the Florida Division of Drivers Licenses, Bill Henderson, and Electra Unknown. The individual defendants are alleged to be employees of the State of Florida. Plaintiff has not provided any basis for this Court's jurisdiction. However, it appears that plaintiff is attempting to bring either a diversity action under Florida law or an action under 42 U.S.C. § 1983.

If plaintiff is attempting to bring a diversity action, this action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). None of the requirements of § 1391(a) are present in this case.

If plaintiff is attempting to bring an action under 42 U.S.C. § 1983, this action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). None of the requirements of § 1391(b) are present in this case. As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . ." As a result, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 3rd day of April, 2009.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE